UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL C. BEEM,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>    Defendant. | No. 2:15-cv-1421-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since March 6, 2012. Administrative Record ("AR") 201-211. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 123-128, 131-136. On August 12, 2013, a hearing was held before administrative law judge ("ALJ") Peter Belli. *Id.* at 26-64.

Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On November 22, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1]  *Id*. at 11-21.  The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since March 6, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: musculoskeletal limitations secondary to chronic pain syndrome with history of arthritis of the lumbar spine, left shoulder joint [pain], in addition to mood disorder associated with general medical condition (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant is limited to no climbing of ladders/ropes/scaffolds, occasional postural maneuvers of stooping, kneeling, crouching and crawling. In addition, he is limited to frequent detail job instructions.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born on February 28, 2961 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 13-21.

Plaintiff's request for Appeals Council review was denied on May 8, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

## II.    LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III.    ANALYSIS

Plaintiff argues that the ALJ erred by failing to pose a complete hypothetical to the vocational expert. ECF No. 16. At step five of the sequential evaluation process, the Commissioner bears the burden of showing that the plaintiff has the ability to perform work available in the national economy. *Yuckert*, 482 U.S. at 146 n.5. To meet this burden, an ALJ may utilize a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The ALJ must pose "hypothetical questions to the vocational expert that set out all of the claimant's impairments for

1 the vocational expert's consideration." *Id*. (quotations omitted).  However, the "ALJ must only

2 include those limitations supported by substantial evidence." *Robbins v. Social Sec. Admin.*, 466

3 F.3d 880, 886 (9th Cir. 2006).  Where the weight of the medical evidence supports the

4 hypothetical question posed to the vocational expert, the ALJ's decision will not be disturbed.

5 *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987).

6     Plaintiff contends that the hypothetical question posed to the vocational expert, and relied

7 upon by the ALJ in finding that he was not disabled, was incomplete because it did not include a

8 limitation that plaintiff must work in close proximity to a bathroom.  *Id*. at 4-7.  This particular

9 limitation was assessed by examining physician Dr. Steven E. Gerson.

10     Dr. Gerson completed an independent internal medicine evaluation in relation to

11 plaintiff's applications for disability benefits.  AR 346-352.  Plaintiff's primary complaint was

12 back pain.  *Id*. at 346.  He was well developed, well nourished, coherent, and in no acute distress.

13 *Id*. at 348.  He reported nonspecific pain in his midline lumbar spine and hips.  *Id*. at 348-349.

14 Motor exam was normal and his fine motor coordination was intact.  *Id*. at 349.  Dr. Gerson

15 diagnosed plaintiff with a history of arthritis of the back and hips with ongoing pain.  *Id*. at 350.

16 He opined that plaintiff could lift 25 pounds occasionally and 10 pounds frequently; stand and/or

17 walk for up to 6 hours in an eight-hour workday; sit for up to 6 hours in an eight-hour workday;

18 frequently balance; occasionally climb, stoop, bend, crouch, and squat; but never crawl.  *Id*.

19 Without explanation, Dr. Gerson also stated that "the claimant should be in close proximity to a

20 bathroom."  *Id*. at 351.  Nothing in the report explains this latter limitation, nor does it identify

21 any impairment that would require plaintiff to work near a bathroom, at least any nearer a

22 bathroom than would typically be provided in the workplace

23     Furthermore, there is no evidence in the record that would support such a limitation.  At

24 no time during the administrative proceedings did plaintiff allege any genitourinary or

25 gastrointestinal impairment that would require him to work near a bathroom.  His allegations of

26 impairment simply do not relate to any condition relevant to such a restriction.  His initial

27 disability report includes allegations that he was disabled due to shoulder pain and arthritis in his

28 spine, neck, and hips.  *Id*. at 227.  An updated report indicated that plaintiff's condition had

1  worsened and he was experiencing greater pain. *Id*. at 248. He identified difficulty with
2  concentration and memory as new impairments, but did not identify any new physical limitations.
3  *Id*. In a functional report, he reported that when he uses the toilet he has difficulty wiping, but he
4  did not make any statement regarding frequency or urgency of bathroom use. *Id*. at 278.

5      At his administrative hearing, when asked to identify his medical problems, plaintiff
6  responded that he had issues with his lower back, upper neck, and right shoulder. *Id*. at 34-35.
7  He also testified that he has difficulty bending over due to extreme lower back pain, and that he
8  could only walk a couple blocks. *Id*. at 41-42. He did not, however, testify to having any
9  impairment that would require him to work near a bathroom. Significantly, at the hearing
10 plaintiff's counsel posed two hypothetical questions to the vocational expert, neither containing
11 any limitations requiring close proximately to a bathroom. *Id*. at 59-61. Surely if plaintiff had
12 such a limitation, counsel would have brought it to the ALJ's attention. *See Solorzano v. Astrue*,
13 2012 WL 84527, at * 6 (C.D. Cal. Jan. 10, 2012) (holding that counsel had an obligation to raise
14 at the administrative level any deficiency in the vocational expert's testimony and that "[f]ailure
15 to do so is tantamount to inviting error . . . . Counsel are not supposed to be potted plants at
16 administrative hearings. They have an obligation to take an active role and to raise issues that
17 may impact the ALJ's decision while the hearing is proceeding so that they can be addressed.")

18     Aside from the one statement in Dr. Gerson's report, the record is devoid of any evidence
19 that would even suggest that plaintiff was incontinent or had a genitourinary or gastrointestinal
20 disorder.[2] As the great weight of evidence does not support a limitation to working near a
21 bathroom, the ALJ did not error in failing to include the limitation in the hypothetical question
22 posed to the vocational expert. *See Heckler*, 807 F.2d at 774 (finding no error where despite
23 "conflicting evidence, . . . the weight of medical evidence support[ed] the hypothetical questions
24 posed by the ALJ.").

25 /////

---

[2] The court has independently reviewed the record and is unable to find any evidence that would support such a limitation. To no surprise, plaintiff's brief fails to direct the court to any evidence that would support a finding that plaintiff must work in proximity to a bathroom.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 21, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE